1  RACHEL E. K. LOWE (State Bar No. 246361)
   JESSE STEINBACH (State Bar No. 278923)
2  **ALSTON & BIRD LLP**
   333 South Hope Street, 16th Floor
3  Los Angeles, CA 90071-1410
   Telephone:  213-576-1000
4  Facsimile:  213-576-1100
   E-mail:     rachel.lowe@alston.com
5  jesse.steinbach@alston.com

6  Attorneys for Defendant
   CNO SERVICES, LLC
7

8               **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | SONYA VALENZUELA, individually and on behalf of all others similarly situated, | Case No. |
   |---|---|
12 |  | (Riverside County Superior Court Case No. CVR12204525) |
13 | Plaintiff, | **DEFENDANT CNO SERVICES, LLC'S NOTICE OF REMOVAL** |
14 | v. |  |
15 | CNO SERVICES LLC, an Indiana limited liability company, and DOES 1 through 10, inclusive, | Complaint filed:   October 19, 2022
Complaint served: October 25, 2022 |
16 |  |  |
17 | Defendants. |  |

Defendant CNO SERVICES, LLC ("CNO") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Riverside, where the above-entitled action was filed, to the United States District Court for the Central District of California because this Court has original jurisdiction pursuant the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d). In support of this Removal, CNO states as follows:

## BACKGROUND

1. On October 19, 2022, Plaintiff Sonya Valenzuela filed this lawsuit in the Superior Court for the State of California, County of Riverside, styled as *Valenzuela v. CNO SERVICES, LLC*, Case No. CVRI2204525 (the "State Action"). (Ex. A, Compl.) In accordance with 28 U.S.C § 1446(a), CNO has attached as Exhibits A, B, and C, true and correct copies of the Complaint, Summons, and Proof of Service of Summons. (*See* Ex. A (Complaint); Ex. B (Summons); and Ex. C (Proof of Service).) CNO has also attached a copy of all other process, pleadings, and orders filed in the State Action, as Exhibit D.

2. The Complaint in the State Action asserts two causes of action predicated on putative violations of the California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 631 and 632.7.

3. On behalf of herself and the putative class, Plaintiff seeks, among other things, injunctive relief, statutory damages, costs of suit and attorneys' fees, and punitive damages. (Ex. A, Compl., Prayer.)

4. CNO denies the allegations in the Complaint, which are factually and legally baseless. The sole issue presented here is whether removal is proper due to the original jurisdiction of this Court under CAFA.

5. The State Action is removable to this Court because all procedural requirements for removal are satisfied, and this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## TIMELINESS OF REMOVAL

6. Plaintiff served CNO Services, LLC with the Summons and Complaint on October 25, 2022. (Ex. C, Proof of Service.)

7. Therefore, this Notice of Removal, filed on November 23, 2022, is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of service. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Yepremyan v. Holder*, 614 F.3d 1042, 1044 (9th Cir. 2010) (holding day after Thanksgiving a holiday for purposes of removal because California counts it as a holiday).

## VENUE

8. This action was originally filed in the Superior Court of California for the County of Riverside. As such, venue lies in the United States District Court for the Central District of California as the district embracing Riverside County. 28 U.S.C. § 1441(a).

## ORIGINAL JURISDICTION UNDER CAFA

9. This Court has original jurisdiction over this matter pursuant to CAFA. 28 U.S.C. § 1332(d). Under CAFA, federal courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The State Action meets those requirements.

10. To remove a case under CAFA, a defendant need only "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal,'" the same liberal pleading standard under Federal Rule of Civil Procedure 8(a), which requires only plausible allegations as to the basis for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)).

11. Plaintiff's Complaint falls within this grant of jurisdiction because

Plaintiff alleges (1) there are more than 100 members in Plaintiff's proposed class; (2) Plaintiff and the members of the putative class have different citizenship than CNO; and (3) the aggregated claims of the putative class members exceed $5,000,000, exclusive of interest and costs.

12. Accordingly, this case is properly removable pursuant to 28 U.S.C. § 1332(d).

### A. The State Action is a "Class Action" Under CAFA.

13. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

14. In the Complaint, Plaintiff styles her lawsuit as a "Class Action." Plaintiff specifically alleges that she brings the State Action "on behalf of all others similarly situated." (Ex. A, Compl. ¶ 22.) Plaintiff claims "[a] class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient." (Ex. A, Compl. ¶ 27.) Plaintiff seeks "[a]n order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorney as class counsel." (Ex. A, Compl., Prayer.) As such, the State Action is a "class action" within the ambit of CAFA.

### B. The Putative Class Consists of More Than 100 Members.

15. Plaintiff seeks to represent the following putative class: "All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent." (Ex. A, Compl. ¶ 22.)

16. The putative class as alleged in the Complaint exceeds 100 individuals. Plaintiff alleges in her Complaint that she "believes the number [of Class Members] to be in the thousands, if not more." (Ex. A, Compl. ¶ 23.) "Thousand*s*"—plural—

means at least two thousand. Accordingly, CAFA's requirement of 100 or more class members is met here.

### C. The Putative Class Satisfies Minimal Diversity.

17. Under CAFA's minimal diversity requirement, a "federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740 (2014) (quoting 28 U.S.C § 1332(d)(2)(A)); *Duran v. Fernandez Bros.*, No. 15-CV-03058-LHK, 2015 U.S. Dist. LEXIS 154032, at *3 (N.D. Cal. Nov. 12, 2015).

18. CNO is an Indiana limited liability company. Under 28 U.S.C § 1332(d)(10), an unincorporated association, such as an LLC, is "a citizen of the state where it has its principal place of business and the State under whose laws it is organized." See *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714 (N.D. Cal. 2021) (holding an LLC to be an unincorporated association within the meaning of CAFA); *Heritage Pac. Fin., LLC v. Cole*, No. CV 10-0394 PSG (JEMx), 2010 U.S. Dist. LEXIS 62808, at *4 (C.D. Cal. June 7, 2010) (distinguishing the citizenship rules for limited liability companies in non-CAFA cases, 28 U.S.C. § 1332(c)(1), and CAFA cases, 28 U.S.C. § 1332(d)(10)).

19. Here, CNO is registered under the laws of the state of Indiana and has its principal place of business in Indiana. CNO, an LLC, has three members and none is a citizen of California: (1) CNO Financial Group, Inc., a Delaware corporation with its principal place of business in Carmel, Indiana; (2) CDOC, Inc., a Delaware corporation with its principal place of business in Carmel, Indiana; and (3) CNO Management Services Company, a Texas corporation with its principal place of business in Carmel, Indiana. Each member is a citizen of Indiana, and some members are also citizens of Delaware and Texas. *See* Exhibit E, which is a collection of judicially noticeable print-outs from the Indiana Secretary of State confirming the Indiana registration for CNO Services, LLC, CNO Financial Group, and CDOC, Inc.;

*see also Njoroje v. CNO Services, LLC*, C.D. Cal. Case. 2:2020-cv-2004, ECF No. 1 (Removal), Ex. 3 (Declaration) at 39.

20. Under CAFA, there is minimal diversity if any member of the proposed class is a citizen of a state other than Indiana. 28 U.S.C. § 1332(d)(2)(B); *Mississippi ex rel. Hood*, 134 S. Ct. at 740; *Duran*, 2015 U.S. Dist. LEXIS 154032, at *5.

21. For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges she is a resident of California. (Ex. A, Compl. ¶ 4.) Thus, minimal diversity exists on the basis of the named plaintiff's citizenship, as she is not a citizen of Indiana, Delaware or Texas.

22. Moreover, Plaintiff purports to represent a class of ***"[a]ll persons within California*** who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent." (Ex. A, Compl. ¶ 22 (emphasis added).)

23. Some number of "all persons within California" are, undeniably, citizens of California or states other than Indiana, Delaware or Texas. As such, at least one member of the proposed class is a citizen of a state other than Indiana, Delaware or Texas. Minimal diversity therefore exists.

**D.  The Amount in Controversy Requirement Is Satisfied.**

24. Under CAFA's amount-in-controversy requirement, CNO "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold of $5 million." *Dart Cherokee*, 135 S. Ct. at 554.

25. Plaintiff's putative class action alleges CNO repeatedly violated CIPA and seeks, among other things, injunctive relief, statutory penalties, punitive damages, and all other relief that would be just and proper as a matter of law or equity, as determined by the Court. (Ex. A, Compl., Prayer.)

26. CNO denies that Plaintiff or any putative class member has suffered any

cognizable injury or sustained any damages as a result of the actions pleaded in the Complaint. For purposes of removal, however, and without conceding that Plaintiff or the purported class members are entitled to or could ever recover damages in any amount, the amount in controversy in this putative class action, in the aggregate, exceeds $5,000,000, exclusive of interest and costs.

27. As noted above, Plaintiff alleges two causes of action for violations of the CIPA. (Ex. A, Compl. ¶¶ 28–31.) Based upon her two causes of action, Plaintiff seeks class-wide damages of "[s]tatuory damages pursuant to CIPA" for each of the alleged "numerous independent and discreet violations of" CIPA. (Ex. A, Compl., Prayer, ¶¶ 33, 41.)

28. Under California Penal Code section 637.2, a party may recover civil statutory penalties of $5,000 per violation of CIPA. Assuming, only for the sake of removal, that Plaintiff is correct regarding her class size being in the "thousands," (Compl. ¶ 23), the statutory penalties alone could exceed $5,000,000. Indeed, the class need only be at least 1,001 members in order to meet CAFA's $5,000,000 amount-in-controversy requirement based solely upon the statutory penalties. And Plaintiff alleges there are "thousand<u>s</u>" of class members—plural—meaning that there are at least 2,000 class members, and thus as pleaded damages could exceed $10,000,000. This easily satisfies CAFA's amount-in-controversy requirement. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("[T]he amount in controversy is not a prospective assessment of a defendant's liability," but, rather, the amount that is potentially "at stake.").

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

29. Consistent with 28 U.S.C. § 1446, CNO submits this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

30. 28 U.S.C. § 1446(a) requires a removing party to provide this Court with

a copy of all "process, pleadings and orders" served on it in the state court action. As noted above, true and correct copies of these documents are listed below and attached hereto:

- Complaint (Ex. A.)
- Summons to CNO (Ex B.)
- Proof of Service of Summons and Complaint on CNO (Ex. C.)
- All other process, pleadings, and orders filed in the State Action (Ex. D)

31. Pursuant to 28 U.S.C. § 1446(d), CNO is filing a copy of the Notice of Removal with the Clerk of the Riverside County Superior Court and serving Plaintiff with the same.

32. CNO has complied with all applicable local rules for this Court regarding this Notice of Removal.

### E. Non-Waiver Of Defenses.

33. By filing this Notice of Removal, CNO does not waive any defenses. And, CNO does not admit any of the allegations in Plaintiff's Complaint. CNO expressly reserves the right to contest those allegations at the appropriate time.

34. CNO also reserves the right to supplement this removal, if challenged.

## CONCLUSION

In sum, subject-matter jurisdiction exists under CAFA, 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

Dated: November 23, 2022     RACHEL E. K. LOWE
JESSE STEINBACH
**ALSTON & BIRD LLP**

By: /s/ *Rachel E. K. Lowe*
Rachel E. K. Lowe
Attorneys for Defendant
CNO SERVICES, LLC